**Richard P. MATTLESON,**
**Plaintiff–Appellant,**

v.

**Emile BOYLE, Defendant–Appellee.**

**No. 04–2734–CV.**

United States Court of Appeals,
Second Circuit.

April 6, 2005.

Richard P. Mattleson, Hartford, Connecticut, for Appellant, pro se.

Emile Boyle, Burke, Virginia, for Appellee, pro se.

PRESENT: SOTOMAYOR, and HALL, Circuit Judges.

SUMMARY ORDER

Richard P. Mattleson, *pro se*, appeals from the April 29, 2004 judgment of the United States District Court for the District of Connecticut (Hall, J.), entered pur-

suant to a bench trial, denying Mattleson's claim that Emile Boyle defamed him by placing "negative feedback" on Mattleson's eBay account, granting Boyle's counterclaims for fraudulent misrepresentation and breach of contract, and awarding Boyle $432.75 in damages. We presume familiarity by the parties with the factual and procedural background of this case.

In reviewing a district court's decisions in a bench trial, this Court reviews *de novo* the district court's legal conclusions, *see United States v. Coppola*, 85 F.3d 1015, 1019 (2d Cir.1996), and factual findings for clear error, *see White v. White Rose Food*, 237 F.3d 174, 178 (2d Cir.2001). This Court "give[s] considerable deference to the district court's credibility assessments and to its determination as to what inferences should be drawn from the evidence in the record." *Ezekwo v. N.Y.C. Health & Hosps. Corp.*, 940 F.2d 775, 780 (2d Cir.1991).

■■■ For the reasons stated in the district court's oral opinion, Mattleson's defamation claim was properly denied and Boyle's counterclaims for fraudulent misrepresentation and breach of contract were properly granted.[1] The district court did not clearly err in crediting Boyle's testimony that the clothing was not of the quality represented by Mattleson and that Boyle returned part of the clothing contained in the second shipment by depositing the clothing with the United States Postal Service for mailing. Moreover, an independent review of the record and relevant case law reveals that the district court correctly determined that Mattleson had not established that Boyle's statement was defamatory, Mattleson fraudulently misrepresented the quality and condition of the clothing purchased by Boyle, and Mattelson breached his agreement with Boyle by sending him non-conforming goods and charging Boyle's credit card prior to Boyle's acceptance of the clothing.

For these reasons, the district court's judgment is AFFIRMED.

---

1. In this Court, Mattleson contends, *inter alia*, that Boyle's appellate brief is actually a "memo" and argues that "[t]his memo document does not follow the correct procedure for legal briefs to be submitted before the 2nd Circuit Court." Accordingly, Mattleson requests that Boyle's brief "not be considered his legal brief." Guided by the requirement that we liberally construe *pro se* pleadings, *see Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir.1996), we reject Mattleson's argument.